Abeyta v. Holmberg, No. 607-8-09 Rdcv (Cohen, J., May 13, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **ROBERTO B. ABEYTA and** | ) | **Rutland Superior Court** |
| **KAREN I. ABEYTA,** | ) | **Docket No. 607-8-09 Rdcv** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JASON HOLMBERG, LUKE WATSON, and** | ) | |
| **LUIS ALGARIN,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, FILED DECEMBER 23, 2009, and JANUARY 29, 2010

This is an action to enjoin a non-judicial foreclosure sale on the plaintiff's mortgaged property. The defendants move for summary judgment, arguing that there are no genuine issues of material fact. The defendants argue that there is only a scrivener's error on the mortgage document. The plaintiffs move for summary judgment on the basis that the mortgage deed does not contain a description of the property. Plaintiffs Roberto and Karen Abeyta are represented by Frederick M. Glover, Esq. Defendants Jason Holmberg and Luke Watson are represented by John J. Kennelly, Esq.

## Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to

judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## BACKGROUND

This dispute arises out of a business relationship between the parties in the wood pellet manufacturing business. Jason Holmberg and Luke Watson are owners of PA Pellets, LLC. In January 2008, Holmberg responded by email to an inquiry by Luis Algarin, president of Vermont Wood Energy Corp. (VWEC), about buying wood pellets from PA Pellets. The negotiations between Holmberg and Algarin quickly progressed from VWEC buying pellets to VWEC entering other aspects of the pellet business.

Holmberg was concerned about VWEC's ability to perform its obligations under the proposed agreements. Algarin and Roberto Abeyta (vice-president of VWEC) agreed to personally guaranty VWEC's performance. A purchase and supply agreement was entered into in April 2008.

That May, Algarin informed Holmberg that he and Abeyta would like to own a pellet mill. This began negotiations for the sale of all shares in PA Pellets to VWEC. Holmberg and Watson and VWEC agreed that VWEC would put down a $200,000 cash deposit and a mortgage on the Abeytas' land. The parties entered into a contract of sale.

According to the defendants, the mortgage deed mistakenly referred to a contract of sale dated May 29, 2008, between VWEC and PA Pellets. Defendants alleged that this was a scrivener's error and that the intent of the mortgage deed was to refer to the June 4, 2008 contract of sale between VWEC and Watson and Holmberg.

VWEC defaulted on its obligations under the contract of sale. It did not pay the balance due and close on the purchase by the date required in the contract of sale. Watson and Holmberg now seek to foreclose on the Abeytas' land.

## DISCUSSION

It is not the Court's function to weigh the evidence when assessing the merits of a motion for summary judgment, but to determine whether a triable issue of fact exists. *Booska v. Hubbard Insurance Agency, Inc.*, 160 Vt. 305, 309 (1993). Here, there is a discrepancy as to which contract of sale the mortgage deed references. The Court must accept as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson*, 2004 VT 15, ¶ 15. The nonmoving parties, the Abeytas, then receive the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver*, 2003 VT 71, ¶ 2.

The defendants argue that this is a scrivener's error and that the Court should infer the intent of the parties in order to reconcile the dates. While it may indeed have been the intent of the parties to refer to the June 4, 2008 contract of sale in the mortgage deed, the

Court at this time cannot say that there are no genuine issues of material fact. Thus, summary judgment is not appropriate as there is a triable issue of fact. The defendants are not entitled to judgment as a matter of law.

The plaintiffs argue that the mortgage deed does not contain a description of the property and is thus void. However, attached to the mortgage deed is a document described as "Schedule A" that contains a description of the property. Under Vermont statute there is no requirement that a mortgage deed contain a description of the property. The only requirements for a valid mortgage are (1) the signature of the mortgagor, (2) the acknowledgement of the mortgagor before a notary public or other authorized official, and (3) the recording of the deed in the town clerk's office. 27 V.S.A. § 341(a). The defendants have presented evidence as to each of these requirements. Therefore, summary judgment is not appropriate.

## ORDER

Defendants' Motion for Summary Judgment, filed December 23, 2009, is DENIED.

Plaintiffs' Motion for Summary Judgment, filed January 29, 2010, is DENIED.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

4